UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| HILLER ADVANCED : | |
| CHIROPRACTIC & REHABILITATION, : | Misc. No. |
| P.C. : | |
| : | |

### PETITION TO QUASH SUMMONS

AND NOW, Hiller Advanced Chiropractic & Rehabilitation, P.C. ("Hiller Chiropractic"), by and through its counsel, Duane Morris LLP and pursuant to Internal Revenue Code Section 7609 and the regulations promulgated thereunder, files this Petition to Quash Summons issued by the Internal Revenue Service, upon Sovereign Bank seeking copies of deposit items for Hiller Chiropractic from October 2001 through March 2002, and in support thereof avers the following:

#### I. INTERESTED PARTIES

1. Hiller Chiropractic is a Pennsylvania professional corporation with a principal place of business located at 495 Thomas Jones Way, Suite 202, Exton, Pennsylvania.

2. Hiller Chiropractic is owned and operated by Carl E. Hiller, D.C. ("Dr. Hiller"), an adult individual who holds a current license to practice chiropractic within the Commonwealth of Pennsylvania and maintains a place of residence located at 325 Newport Place, Exton, Pennsylvania.

3. Sovereign Bank is a business and banking institution with a place of business located at 525 Lancaster Avenue, Reading, Pennsylvania.

4. The United States Department of the Treasury, Internal Revenue Service and its officer David Knappenberger conduct business at 601 South Henderson Road, King of Prussia, Pennsylvania.

5. The patients of Dr. Hiller and Hiller Chiropractic are interested parties to this matter inasmuch as the Internal Revenue Service through its officer, David Knappenberger, is seeking copies of all deposit monies received by Hiller Chiropractic from October 2001 through March 2002.

## II. JURISDICTION AND VENUE

6. Jurisdiction and venue of this matter properly rests with the United States District Court for the Eastern District of Pennsylvania pursuant to Internal Revenue Code Section 7609(h) and the regulations promulgated thereunder.

## III. FACTS GIVING RISE TO THE DISPUTE

7. Dr. Hiller and Hiller Chiropractic initially contacted the Internal Revenue Service as a result of a lapse in tax payments and on their own accord requested the assignment of an Internal Revenue Service officer/agent. As a result of the same, Officer David Knappenberger was assigned to the matter.

8. On or about April 3, 2002, a Summons was issued by the Internal Revenue Service upon Sovereign Bank seeking, *inter alia*, copies of deposit items with front only of the checks representing the deposits for October 2001 through March 31, 2002. A true and correct copy of the Summons is attached hereto and marked as Exhibit "A."

9. Pursuant to the dictate of the Summons, Sovereign Bank was required to comply with the same on or before May 3, 2002.

10. On or about April 17, 2002, Dr. Hiller and Hiller Chiropractic first received notice of the issuance of the Summons by letter from Sovereign Bank. A true and correct copy of the April 17, 2002 letter is attached hereto and marked as Exhibit "B."

11. After becoming current on their existing taxes and prior to the date of the issuance of the Summons, the Internal Revenue Service, Dr. Hiller and Hiller Chiropractic reached an installment payment agreement whereby Dr. Hiller and Hiller Chiropractic are required to make payments in the amount of $750.00 per month through April of 2003, at which time, the payment increases to $2,000.00 per month until such time as the balance is paid in full.

12. By letter dated April 14, 2002, Dr. Hiller and Hiller Chiropractic made the first payment under the installment payment agreement. The Internal Revenue Service has acknowledged and accepted the aforesaid Installment Agreement and has cashed the May 1, 2002 payment in the amount of $750.00. A true and correct copy of the letter dated April 14, 2002 together with a copy of the first installment payment made is attached hereto and marked as Exhibit "C."

13. The enforcement of the Summons whereby Dr. Hiller's patients would be notified and/or contacted by the Internal Revenue Service is therefore unnecessary inasmuch as Internal Revenue Service Officer David Knappenberger has verbally agreed not to contact Dr. Hiller's or Hiller Chiropractic's patients so long as Dr. Hiller and Hiller Chiropractic remain current on the installment payments. However, this verbal representation certainly does not have the force and effect of a contract or order of court and therefore, the "assurance" is essentially non-binding.

14. To date, Dr. Hiller and Hiller Chiropractic remain current with their obligations to provide monthly payments of $750.00.

15. To the extent hundreds of Dr. Hiller's patients learn of the within inquiry and that their checks have been diverted to the Internal Revenue Service as a result of the Summons would have a devastating negative effect upon the doctor/patient relationship for obvious self-evident reasons.

16. Dr. Hiller and Hiller Chiropractic requests this Honorable Court to quash the Summons at issue inasmuch as enforcement of the same would unreasonably and unnecessarily intrude upon the doctor/patient relationship and would further cause great harm to the reputation and goodwill of Dr. Hiller and Hiller Chiropractic.

WHEREFORE, Dr. Carl E. Hiller and Hiller Advanced Chiropractic and Rehabilitation, P.C. respectfully request this Honorable Court to quash the Summons issued on or about April 3, 2002 upon Sovereign Bank.

DUANE MORRIS LLP

Date: _____    BY: _____
James J. Kutz, Esquire
Attorney I.D. #21589
Thomas L. Isenberg, Jr., Esquire
Attorney I.D. #76652
305 North Front Street, 5th Floor
Harrisburg, PA 17101
(717)237-5500

Attorneys for Hiller Advanced Chiropractic and Rehabilitation, P.C.

**CERTIFICATE OF SERVICE**

AND NOW, this 2nd day of May, 2002, I hereby certify that I have served a copy of the foregoing **Petition to Quash Summons** on the following by facsimile and by depositing a true and correct copy of the same in the U.S. Mail at Philadelphia, Pennsylvania, certified mail, return receipt requested, postage prepaid, addressed to:

>   Sovereign Bank
>   Attn: Donna M. Hoffman, Specialist
>   Mail Code - 12-421-RS1
>   525 Lancaster Avenue
>   Reading, PA 19611
>   Fax No.: (610) 371-1442
>
>   David Knappenberger, Review Officer
>   Internal Revenue Service
>   601 South Henderson Road
>   King of Prussia, PA 19406
>   Fax No.: (610) 992-5154

_____
Elliott B. Sulcove

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| HILLER ADVANCED : | |
| CHIROPRACTIC & REHABILITATION, : | Misc. No. |
| P.C. : | |
| : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of the Petition to Quash Summons, it is hereby ORDERED that, until further Order of Court, Sovereign Bank shall be relieved of its obligation to supply the documents requested by the Internal Revenue Service Summons. Counsel for Petitioner shall serve upon Revenue Agent Knappenberger a copy of this Order which further obligates the Internal Revenue Service to file a response to the Petition within twenty (20) days following service of the Petition and this Order. Petitioner, through counsel, shall file an affidavit of service, attesting to the means by which service of this Order was effectuated upon the Internal Revenue Service. A copy of the Order shall also be served by counsel for Petitioner upon Sovereign Bank.

BY THE COURT:

_____
J.